UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| LISA LURINE MICHAUD, | Case No.: 18-CV-2625 JLS (MDD) |
|---|---|
| Plaintiff, | **ORDER: (1) ADOPTING REPORT AND RECOMMENDATION,** |
| v. | **(2) GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,** |
| ANDREW SAUL, Commissioner of Social Security, | **(3) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT,** |
| Defendant. | **(4) REVERSING THE DECISION OF THE COMMISSIONER, AND** |
| | **(5) REMANDING ACTION TO THE COMMISSIONER FOR FURTHER ADMINISTRATIVE ACTION** |
| | (ECF Nos. 15, 16, 19) |

Presently before the Court are Plaintiff Lisa Lurine Michaud's Motion for Summary Judgment ("Pl.'s Mot.," ECF No. 15) and a Cross-Motion for Summary Judgment filed by Defendant Andrew Saul, Commissioner of Social Security ("Def.'s Mot.," ECF No. 16). Magistrate Judge Mitchell D. Dembin has issued a Report and Recommendation ("R&R," ECF No. 19) recommending that the Court grant in part Plaintiff's Motion, deny Defendant's Motion, and remand this case for further proceedings. Having reviewed the

Motions, Magistrate Judge Dembin's R&R, and the underlying Administrative Record, the Court **ADOPTS** Magistrate Judge Dembin's R&R in its entirety, **GRANTS** Plaintiff's Motion, **DENIES** Defendant's Motion, **REVERSES** the decision of the Commissioner, and **REMANDS** this matter for further administrative action.

## BACKGROUND

Magistrate Judge Dembin's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant Motions. *See* R&R at 1–3, 4–6, 7–10. This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portion of the report to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). In the absence of timely objection, however, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

## ANALYSIS

In this present case, neither Party has filed objections to Magistrate Judge Dembin's R&R. *See* R&R at 12 (ordering that any objections be filed no later than November 18, 2019). Having reviewed the R&R, the Court finds that it is thorough, well-reasoned, and contains no clear error.

///

1  In this matter, the Administrative Law Judge ("ALJ") determined that Plaintiff had several severe impairments, including moderate to severe degenerative disc disease at L5–S1 and mild to moderate degenerative disc disease at L2–3, without neural impingement; peripheral neuropathy in the bilateral lower extremities; and eczema in the left lower extremity. *See* R&R at 4–5 (citing ECF No. 12 at 39). He then determined that Plaintiff had the residual functional capacity ("RFC") to perform light work and that she was able to perform her past relevant work, such as serving as a home attendant, cashier, assembler, receptionist, secretary, stock control clerk, and nurse assistant. *Id.* at 5–6 (citing ECF No. 12 at 40–41, 43–44).

In reaching these conclusions, the ALJ failed to categorize Plaintiff's photophobia as a severe or non-severe impairment that affected her RFC. *Id.* at 6. Rather, he relied on only four exhibits to conclude that "the record does not document any restrictions" or severe visual impairment[s]," *id.* at 7 (quoting ECF No. 12 at 40), and, therefore, did not consider "medical records relating to [Plaintiff's] photophobia," *see id.* at 8–9 (citing ECF No. 12 at 589–91, 603, 606, 608–09, 612, 615, 618, 621); "two Disability Determination Explanations," *see id.* at 9–10 (citing ECF No. 12 at 291, 295–96, 301, 324, 327); or "examining physician Thomas J. Sabourin M.D.'s . . . November 13, 2014 orthopedic consultation or treating physician John Bokosky M.D.'s . . . February 18, 2014 examination." *See id.* at 10 (citing ECF No. 12 at 587–88, 652–53). Further, the ALJ failed to consider the effects of photophobia in determining Plaintiff's RFC and ability to perform past relevant work. *See id.* (citing ECF No. 12 at 41–45). For example, when the ALJ asked the vocational expert ("VE") whether a person would could not work if any acute vision is required or with only occasional acute vision is required could perform sedentary work, the VE stated that would be no such work. *Id.* (citing ECF No. 12 at 263–65).

Magistrate Judge Dembin therefore concludes that the ALJ erred at Step 2 by failing to consider all evidence of Plaintiff's photophobia and in determining Plaintiff's RFC by failing to consider the effects of Plaintiff's photophobia at subsequent steps of the

sequential evaluation. *Id.* at 10–11. Consequently, he recommends that the Court remand this case so that the ALJ may (1) determine whether Plaintiff's photophobia is a medically determinable impairment, and (2) incorporate any credible limitations arising out of Plaintiff's photophobia—regardless of severity—into the RFC. *See id.* at 11.

The Court finds no clear error in Judge Dembin's findings and recommendations. Further, the Court agrees that remanding pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings is appropriate because additional proceedings could remedy the defects in the ALJ's decision and enhance the administrative record. *Id.* at 11–12.

## CONCLUSION

In light of the foregoing, the Court: (1) **ADOPTS** in its entirety Magistrate Judge Dembin's Report and Recommendation (ECF No. 19), (2) **GRANTS** Plaintiff's Motion for Summary Judgment (ECF No. 15), (3) **DENIES** Defendant's Cross-Motion for Summary Judgment (ECF No. 16), (4) **REVERSES** the decision of the Commissioner denying benefits to Plaintiff, and (5) **REMANDS** the case to the Commissioner for further administrative action consistent with this Order and Magistrate Judge Dembins's Report and Recommendation. Because this Order concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: January 10, 2020

Hon. Janis L. Sammartino
United States District Judge